```
JAMES J. McDONALD, Jr, Bar No. 150605
e-mail: jmcdonald@laborlawyers.com
CHRISTINE D. BARAN, Bar No. 158603
e-mail: cbaran@laborlawyers.com
FISHER & PHILLIPS LLP
18400 Von Karman Avenue, Suite 400
Irvine, California 92612
Telephone (949) 851-2424
Facsimile (949) 851-0152
```

Attorney for Defendants GEORGE CHACOPULOS, individually and erroneously sued as TRUSTEE OF THE GEORGE CHACOPULOS TRUST, and BRENTWOOD MANAGEMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CLARK ANDERSON, JR., an individual, SCOTT STOUT, an individual,<br><br>            Plaintiffs,<br><br>    vs.<br><br>GEORGE CHACOPULOS, INDIVIDUALLY, AND AS TRUSTEE OF THE GEORGE CHACOPULOS TRUST DATED SEPTEMBER 24, 1991, INDIVIDUALLY AND DOING BUSINESS AS GORHAM APARTMENTS, BRENTWOOD MANAGEMENT, a business entity whose legal form is unknown,<br><br>            Defendants. | *Case No.: CV08-00428 R (JWJx)*<br><br>**ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiffs, LARRY CLARK ANDERSON, JR and SCOTT STOUT, (collectively "PLAINTIFFS") through their counsel, and Defendants GEORGE CHACOPULOS, individually and erroneously sued as TRUSTEE OF THE GEORGE CHACOPULOS TRUST, and BRENTWOOD MANAGEMENT (collectively "DEFENDANTS"), through their counsel,

1  hereby stipulate and agree that the preparation and
2  trial of this action may require the disclosure of
3  documents, knowledge and information claimed to
4  contain or constitute private or confidential matters
5  including, but not limited to, individual tenant files
6  and personal financial information.
7      PLAINTIFFS and DEFENDANTS have therefore
8  stipulated and agreed to the entry of an order by the
9  Court governing the use and disclosure of certain
10 documents, knowledge and information revealed or
11 discovered during the course of this action including,
12 but not limited to, documents maintained in or through
13 personnel files of managers to the subject property
14 located at 11930 Gorham Avenue, Los Angeles, CA
15 (hereinafter referred to as the Gorham Apartments),
16 tenant files or prospective tenant files.
17     NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED
18 by and between PLAINTIFFS and DEFENDANTS, through
19 their counsel, that:
20     1.  The term "THIS ACTION" as used herein shall
21 mean the matter brought before the United States
22 District Court, Central District, styled *Larry Clark*
23 *Anderson, et al. v. George Chacopulos, et al.* (Case
24 No.: *CV08-00428 R (JWJx)*).
25     2.  Any documents, materials, and/or information
26 produced, served or exchanged in the course of this
27 action may be designated as "CONFIDENTIAL" pursuant to
28

2

[PROPOSED] ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Irvine 527106.1

1  the terms of this Stipulated Confidentiality Agreement
2  if the designating party or attorney reasonably
3  believes that such designation is necessary to protect
4  documents, materials, and/or information of a
5  sensitive, proprietary or confidential nature,
6  including, but not limited to, documents maintained in
7  or through personnel files of managers to the subject
8  property located at 11930 Gorham Avenue, Los Angeles,
9  CA (hereinafter referred to as the Gorham Apartments),
10 portion of the tenant files or prospective tenant
11 files, i.e. applications of rejected tenants (with
12 sensitive information such as names, addresses,
13 telephone numbers, social security numbers, and
14 references, blacked out), the bottom-line credit
15 rating of that applicant, and any document that
16 reflects why that applicant was rejected.
17     3. All documents, materials, and/or information
18 produced or exchanged in the course of this action
19 designated "CONFIDENTIAL," shall be used solely for
20 the purpose of THIS ACTION, and shall not be made
21 available to persons other than QUALIFIED PERSONS (as
22 defined in Paragraph 4, below) or the party or non-
23 party who produced the documents, materials and/or
24 information; except that (1) the parties hereto may
25 use documents, materials, and/or information
26 designated "CONFIDENTIAL" in lodgings made with the
27 court or in arguments made to the court; (2) the
28

1 parties hereto may use documents, materials, and/or
2 information designated as "CONFIDENTIAL" in
3 depositions so long as that portion of the deposition
4 transcript referring to said documents, materials,
5 and/or information or their subject matter as well as
6 the documents and materials themselves are sealed
7 pursuant to the provisions of Paragraph 8 herein; and
8 (3) the parties hereto may use documents, materials,
9 and/or information designated as "CONFIDENTIAL" in
10 court proceedings or mediation between them.  It is
11 understood between the parties to this Stipulated
12 Confidentiality Agreement that if documents,
13 materials, and/or information designated
14 "CONFIDENTIAL" are used in this Action, the party
15 introducing those documents, materials, and/or
16 information will take all reasonable steps to protect
17 the confidentiality of the documents, materials,
18 and/or information, including, for example, notifying
19 the court or mediator of this Stipulated
20 Confidentiality Agreement.
21      4.   "QUALIFIED PERSON" as used herein means: (a) a
22 party hereto, an officer, partner, or director of a
23 party hereto, or in-house counsel of a party having
24 responsibility for or working on THIS ACTION, or (b)
25 outside counsel employed by a party to THIS ACTION, or
26 an employee of such counsel to whom it is necessary
27 that the documents, materials, and/or information
28

1  marked "CONFIDENTIAL" be shown for purposes of THIS
2  ACTION, or (c) other employees of a party for the
3  purpose of working directly on THIS ACTION at the
4  request or at the direction of counsel, or (d) non-
5  attorneys retained by a party or its attorneys of
6  record in THIS ACTION to assist in THIS ACTION, such
7  as, expert witnesses, consultants or other technical
8  experts, (e) court reporters actually involved in
9  transcribing depositions and proceedings in this
10 litigation, or (f) nonparty witnesses and/or deponents
11 but only during the course of their deposition or
12 testimony given in connection with THIS ACTION.
13      In the event that any QUALIFIED PERSON to whom
14 "CONFIDENTIAL" documents, materials, and/or
15 information is disclosed ceases to engage in the
16 preparation for trial in THIS ACTION, access by such
17 QUALIFIED PERSON to such documents, materials, and/or
18 information shall be terminated. However, the
19 provisions of this Order shall remain in full force
20 and effect as to any QUALIFIED PERSON who has been
21 given access to "CONFIDENTIAL" documents.
22      5. "CONFIDENTIAL" designations in accordance with
23 paragraph 2 above shall be made as follows:
24           (a) Designation of documents, materials,
25 and/or information as "CONFIDENTIAL" shall be made by
26 conspicuously stamping or writing "CONFIDENTIAL" on
27 each page thereof or, if the document is more than one
28

1  page long, by conspicuously stamping or writing
2  "CONFIDENTIAL" on the first page thereof.
3      (b) Designation of a deposition, or portions
4  thereof, as "CONFIDENTIAL" shall be made by a
5  statement on the record by counsel for the party or
6  other person making the designation at the time of
7  such testimony.  The portions of depositions so
8  designated as "CONFIDENTIAL" shall be taken only in
9  the presence of persons qualified to receive such
10 information pursuant to the terms of this Stipulated
11 Confidentiality Agreement, the court reporter, the
12 deponent, and the deponent's attorney.  The parties
13 shall instruct the court reporter to segregate such
14 portions of the deposition in a separate transcript
15 designated as "CONFIDENTIAL."  Portions of such
16 deposition transcripts shall be clearly marked as
17 "CONFIDENTIAL" on the cover or on each page, as
18 appropriate.
19     (c) Any party may designate documents,
20 materials, and/or information as "CONFIDENTIAL" even
21 if not initially designated as "CONFIDENTIAL" in
22 accordance with the terms of this Stipulated
23 Confidentiality Agreement by so advising counsel for
24 each other party in writing within thirty (30) days
25 after the delivery of said documents, materials,
26 individual tenant files, personal financial
27 information and/or information or receipt of the
28

6

[PROPOSED] ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Irvine 527106.1

1  deposition transcript that it wishes to designate as
2  "CONFIDENTIAL." Until the thirty-day period expires,
3  all discovery shall be treated as "CONFIDENTIAL."
4  Thereafter, documents, materials and/or information
5  designated as "CONFIDENTIAL" shall be treated in
6  accordance with the terms of this Stipulated
7  Confidentiality Agreement.
8       6. Any party has the right to challenge any
9  "CONFIDENTIAL" designation made by any other party
10 pursuant to this Stipulated Confidentiality Agreement.
11      (A)  If any party objects in writing to the
12 "CONFIDENTIAL" designation of any documents,
13 materials, and/or information, the designating party
14 shall file an application to have the court determine
15 whether the documents, materials, and/or information
16 designated as "CONFIDENTIAL" is in fact confidential,
17 and such application shall be filed and served within
18 ten (10) days after receipt of the written objection.
19      (B) If any party receives documents, materials,
20 and/or information that have not been designated as
21 "CONFIDENTIAL" but believes that such documents,
22 materials, and/or information is confidential, the
23 party requesting "CONFIDENTIAL" designation of the
24 documents, materials and/or information shall send
25 written objection to the producing party requesting a
26 "CONFIDENTIAL" designation. If the producing party
27 does not agree to such designation, the party
28

7

[PROPOSED] ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

Irvine 527106.1

1 requesting the "CONFIDENTIAL" designation shall file
2 an application to have the court determine whether the
3 documents, materials, and/or information not
4 designated as "CONFIDENTIAL" is in fact confidential,
5 and such application shall be filed and served within
6 ten (10) days after sending the written objection.
7 The party seeking the "CONFIDENTIAL" designation shall
8 have the burden of proving that the designated
9 documents, materials, and/or information is entitled
10 to protection.
11      The contested "CONFIDENTIAL" documents, materials,
12 and/or information shall be treated as "CONFIDENTIAL"
13 pursuant to this Stipulated Confidentiality Agreement
14 until the court rules otherwise.  If no application is
15 filed within ten (10) days after receipt of the
16 written objection in the manner set forth in paragraph
17 6(A) above, or if no application is filed within ten
18 (10) days after sending written objection in the
19 manner set forth by paragraph 6(B) above, the
20 contested documents, materials, and/or information
21 shall no longer be treated as "CONFIDENTIAL" pursuant
22 to this Stipulated Confidentiality Agreement after the
23 expiration of the ten-day period.
24      7.   If for some reason "CONFIDENTIAL" documents,
25 materials, and/or information are to be disclosed to a
26 third-party witness at a deposition, or to an expert
27 or consultant, or to anyone else entitled to receive
28

such documents, materials, and/or information under this Stipulated Confidentiality Agreement, prior to such documents, materials, and/or information being disclosed, a copy of this Stipulated Confidentiality Agreement shall be shown to such individual and his or her agreement to abide by the terms of this Stipulated Confidentiality Agreement by maintaining the "CONFIDENTIAL" nature of documents, materials, and/or information provided shall be obtained by counsel. Such agreement shall be reflected by having that person sign a copy of this Stipulated Confidentiality Agreement. If such individual refuses to assent to be bound by this Stipulated Confidentiality Agreement, disclosure to that individual of "CONFIDENTIAL" documents, materials, and/or information shall not be permitted without an Order of the court or agreement between the parties.

8. The original, and all copies, of any deposition or portion thereof taken herein and designated as "CONFIDENTIAL" shall be so designated by the reporter. The court reporter shall label the envelope in which the deposition transcripts are maintained: "This deposition was taken subject to the Stipulated Confidentiality Agreement." The reporter shall provide copies of such deposition transcripts only to the deponents and the attorneys for the parties hereto. If the deposition transcript or any

1 portion thereof is lodged or otherwise provided to the
2 court, the transcript will be subject to the
3 provisions of this Order.
4  9. Within 15 days after conclusion of trial, or
5 as otherwise agreed to by the parties in writing, any
6 originals or reproductions of any "CONFIDENTIAL"
7 documents, materials, and/or information produced by a
8 party or non-party shall be returned to the producing
9 party or non-party upon request.
10  10. Nothing in this Stipulated Confidentiality
11 Agreement shall prohibit a party from seeking
12 additional, modified or further protection of
13 "CONFIDENTIAL" documents, materials, and/or
14 information during or before the trial of THIS ACTION
15 by stipulation among all the parties, approved by the
16 court; by application to the court, or by the court's
17 Order.
18  11. This Stipulated Confidentiality Agreement and
19 the agreements embodied herein shall survive the
20 termination of THIS ACTION and continue in full force
21 and/or effect thereafter.
22  12. The provisions of this Stipulated
23 Confidentiality Agreement are intended solely to
24 facilitate the preparation and trial of THIS ACTION,
25 and shall not be construed in any way as an admission
26 or agreement by any party that any documents,
27 materials, and/or information does or does not
28

10
[PROPOSED] ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Irvine 527106.1

constitute or contain private or confidential information.

13. It is understood by the parties that this Stipulated Confidentiality Agreement neither addresses nor resolves issues relating to classified documents, materials, and/or information.

14. Nothing in this Stipulated Confidentiality Agreement shall be construed to affect either the discoverability or admissibility at trial of any documents, materials, and/or information nor shall any party's entry into this Stipulated Confidentiality Agreement be deemed to waive either its, his, or her right to object to the production of documents, materials, and/or information on appropriate grounds, or to move to compel the production of documents, materials, and/or information wrongfully withheld from production by another party or entity.

15. All new parties hereafter brought into the litigation shall be bound by the terms of this Stipulated Confidentiality Agreement.  Any such party may, by noticed motion and for good cause, seek an order from the court for relief from applicability of this Stipulated Confidentiality Agreement.

DATE: August 28, 2008

_____
The Honorable Manuel Real

11
[PROPOSED] ORDER RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Irvine 527106.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Irvine 527106.1